IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GENE DANIEL MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-264 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Gene Daniel Morris brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 20.) Morris timely objected. (Dkt. No. 21.) After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with, and will adopt in full, the magistrate judge's recommendation. Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–3, Dkt. No. 20.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)).

Morris raises two objections[1] to the magistrate judge's report, both of which he raised before the magistrate judge, too. But Morris also cites to specific portions of the record that he believes refute the report's conclusions, and he specifically addresses statements in the report that he believes were erroneous. Thus, the court will address his objections and apply a de novo standard of review.

**B. ALJ's Decision**

On January 30, 2015, the ALJ entered his decision analyzing Morris's claim, ultimately concluding that Morris was ineligible for benefits. In reaching his decision, the ALJ followed the five-step process found in 20 C.F.R. § 416.920 (2016). The five-step evaluation asks the following questions, in order: (1) whether the claimant is working or participating in substantial gainful activity; (2) whether the claimant has a severe impairment of the duration required by 20 C.F.R. § 416.909; (3) whether he has a type of impairment whose type, severity, and duration

---

[1] Although Morris states that he only has one "objection," (Dkt. No. 21 at 1), he goes on to make two separate arguments as to the ALJ's RFC findings and the ALJ's credibility determination, (*id.* at 3–4).

3

meets the requirements listed in the statute; (4) whether he can perform his past work, and if not, what his residual functional capacity (RFC) is; and (5) whether work exists for the RFC assessed to the claimant. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the commissioner to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A).

In this case, the ALJ determined that Morris had not engaged in substantial gainful activity since October 22, 2012, the application date. (ALJ Decision, Administrative Record (R.) 14, Dkt. No. 8-1.) At step two, the ALJ found that Morris suffered from the severe impairments of obesity, coronary artery disease with a history of surgical stents, and a history of ST elevation with myocardial infarction. (*Id.*) The ALJ further found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. (*Id.* at 15.)

The ALJ then evaluated Morris's RFC, determining that he retained the RFC to perform a range of light work such that he is able to lift/carry 10 pounds frequently and 20 pounds occasionally, stand or walk for six hours in a normal eight-hour work day, and occasionally climb ramps and stairs, but he would be precluded from climbing ropes, ladders and scaffolds. (*Id.* at 16.) Additionally, the ALJ found Morris had no limitations as to to balancing, kneeling, crawling, crouching, and stooping, though he would be precluded from work involving exposure to hazards, such as dangerous machinery and unprotected heights. (*Id.*) Morris was precluded from performing his past relevant work, the ALJ found, but he could perform jobs that exist in significant numbers in the national economy, such as ticket taker, cashier, small products assembler, final assembler, printed circuit board touch up screener, and call out operator. (*Id.* at 22.) Therefore, the ALJ concluded that Morris

is not disabled. (*Id.*)  In his report, the magistrate judge concluded that substantial evidence supported the ALJ's decision. (Report 1.)

## C. Morris's Objections

Morris raises two objections to the report, and they both concern issues raised in his brief before the magistrate judge.  First, he argues that the ALJ's RFC is not supported by substantial evidence because the ALJ did not address whether Morris could maintain work activity over the course of an eight-hour workday.  Second, Morris contends that the ALJ's credibility determination was flawed because the ALJ failed to address Morris's allegations that he could not sustain work over an eight-hour workday due to his inability to stay on task and his need to lie down during the day.  (Pl.'s Obj., Dkt. No. 21.)  The commissioner has not responded to Morris's objections.

The court addresses each objection in turn.

### 1. The magistrate judge correctly found that the ALJ's RFC findings were supported by substantial evidence.

Morris argues that the ALJ's RFC findings failed to meet the standards set by SSR 96-8P because the ALJ did not analyze the plaintiff's ability to sustain work activity during an eight-hour work day.  Morris contends that the evidence cited by the magistrate judge in support of his conclusion that the ALJ properly determined Morris's RFC does not address this question and so does not establish that the ALJ performed a proper RFC analysis.

SSR 96-8P requires the ALJ to include a narrative discussion describing how the evidence supports his conclusions when developing the RFC.  *Teague v. Astrue*, No. 1:10-cv-2767, 2011 WL 7446754, at *8 (D.S.C. Dec. 5, 2011).  The ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  SSR 96-8P at *7; *Meadows v. Astrue*,

No. 5:11-cv-63, 2012 WL 3542536, at *8 (W.D. Va. Aug. 15, 2012) (citing *Davis v. Astrue*, No. 9-cv-2545, 2010 WL 5237850, at *5 (D. Md. Dec. 15, 2010)); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often).

Here, the ALJ considered the medical opinions, Morris's testimony, and the record. (R. 16–20.) Morris contends that the ALJ "failed to properly consider whether [he] would experience episodes of fatigue during the day that would take plaintiff off task at an unacceptable rate." (Pl.'s Obj. 2, Dkt. No. 21.) But the ALJ did consider these allegations. As the magistrate judge noted, the ALJ addressed Morris's allegations of fatigue and explicitly noted that Morris's treatment records showed normal ejection fractions, without complaints of chest pain or shortness of breath, and that Morris further reported daily exercise by walking, which weighed against his allegation of debilitating fatigue that would preclude work. (R. 20; Report 7, Dkt. No. 2.) Morris's disagreement with the ALJ's evaluation of his allegations of fatigue is thus an objection to the ALJ's credibility determination, not his RFC analysis.

Furthermore, Morris's reliance on *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016), is misplaced. In *Monroe*, the Fourth Circuit remanded the case where the ALJ failed to "indicate how any of the facts he cited show that [plaintiff] did not lose consciousness two or three times daily or suffer extreme fatigue" such that he would not be able to work without taking breaks. 826 F.3d at 188. Here, the ALJ discussed three different portions of Morris's medical record where Morris's own testimony contradicted his statements in his application and at the hearing regarding fatigue and his inability to sustain work activity: (1) Morris generally denied the conditions he now alleges cause him fatigue; (2) he described his activities—in particular, his

6

walking—for exercise; and (3) he requested release from his physician in May 2014 to return to work as a pipefitter, a position which the vocational expert explained required a heavy exertion level. (R. 20.) These inconsistent statements, together with Morris's cardiac treatment records showing a normal ejection fraction range, provided the basis for the ALJ's findings. (*Id.*) Because substantial evidence supports the ALJ's findings, Morris's first objection is overruled.

**2. The magistrate judge correctly found that the ALJ's credibility determination was supported by substantial evidence.**

Morris next repeats what he effectively argued in his first objection: the ALJ's credibility determination was flawed because he "failed to address plaintiff's allegations regarding his ability to sustain work over an eight hour workday." Morris argues that the evidence the ALJ used in his credibility findings—the normal ejection fraction, his report of exercise, and his request for release— "do not address" his allegations of fatigue.

"The duty to resolve conflicts in the evidence," including those between subjective allegations and objective medical evidence, treatment history, and daily activities, "rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). If a claimant's statements are inconsistent with other evidence, the ALJ may find them less than fully credible[2] and weigh them accordingly. *See* SSR 96-4P, (July 2, 1996); SSR 96-7P, (July 2, 1996). Here, the ALJ did just that: he found Morris's allegations to be inconsistent with the other evidence to which Morris referred above. Rather than stopping his analysis there, the ALJ went on to further examine the

---

[2] In March 2016, the Social Security Administration ruled that "credibility" is no longer the appropriate terminology to be used in determining benefits. *See* SSR 16–3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) (effective March 28, 2016). Under SSR 16–3p, the ALJ is no longer tasked with making an overarching credibility determination; rather, he must assess whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16–3p was issued after the ALJ's consideration of Morris's claim, and both the ALJ's opinion and the parties' briefs speak in terms of a "credibility" evaluation. Thus the magistrate judge and this court analyze the ALJ's decision based on the previous provisions, which required a credibility assessment. As the magistrate judge noted, the methodology of the former provisions and SSR 16–3p are quite similar because both require the ALJ to consider Morris's report of her own systems against the backdrop of the entire case record.

evidence and explain in detail how and why he found Morris's allegations to be less than fully credible:

> [Morris's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. . . . Furthermore, a review of the claimant's work history shows that the claimant worked only sporadically prior to the alleged disability onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments. Also of note, there is evidence that the claimant stopped working for reasons not related to the allegedly disabling impairments. The claimant reported he ceased working in October 2008, due to a company lay off, he does not allege disability until three years later in October 2011 (Exhibit 2E).

(R. 17.) This evidence, together with the fact that Morris's "overall treatment has been fairly conservative," supported the ALJ's conclusions as to Morris's credibility.

The court's review of the commissioner's decision is for substantial evidence, and credibility is almost always the province of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (explaining that courts "cannot make credibility determinations," but "are empowered" to review whether "substantial evidence supports the ALJ's credibility assessment"). There is substantial evidence in the record to support both the ultimate decision that Morris is not eligible for benefits and the ALJ's credibility determination.

III. CONCLUSION

After a de novo review of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Morris's objections and adopt the magistrate judge's report and recommendation. The court will therefore grant the commissioner's motion for summary

judgment and deny Morris's motion for summary judgment.

An appropriate order will be entered.

Entered: September 27, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge